IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JIMMIE NOLDEN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-1225-M |
| | § | |
| JUDGE JOHN C. CREUZOT, ET AL. | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Jimmie Nolden, a former inmate in the Dallas County Jail, against state district judge John C. Creuzot and Michael Levine, a private attorney. On July 9, 2007, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. The court now determines that this action should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

On January 18, 2006, plaintiff was arrested for theft and booked into the Dallas County Jail. Plaintiff was released from jail 11 days later and stayed out on bond until August 5, 2006, when he was arrested for an unspecified violation. Plaintiff remained incarcerated until he pled guilty to the theft charge on January 8, 2007. As part of the plea agreement, plaintiff alleges that he received credit on his sentence for time spent in state custody, which required him to serve only 11 more days before being released. When plaintiff was not released from jail on January 19, 2007, he complained to the trial judge and his former attorney. However, no action was taken. Plaintiff was finally released on March 6, 2007--46 days late.

Plaintiff now sues the judge and his attorney for civil rights violations under 42 U.S.C. § 1983. By this suit, plaintiff seeks $56,853.00 in compensatory and punitive damages.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (1)    is frivolous or malicious;

    (2)    fails to state a claim upon which relief can be granted; or

    (3)    seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved

consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

Plaintiff cannot maintain a federal civil rights action against either of the defendants named in his complaint. As a state judge, Judge Creuzot is immune from suit for actions taken within the scope of his jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978). Michael Levine, plaintiff's former attorney, is not a "state actor" for purposes of section 1983 liability. *See Featherson v. Knize*, No. 3-06-CV-0729-K, 2006 WL 2215950 at *3 (N.D. Tex. Aug. 2, 2006), *citing Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"). Consequently, plaintiff has failed to state a cognizable claim against either defendant.[1]

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

---

[1] To the extent plaintiff alleges that the defendants were "negligent" for failing to effect his release from jail, such a claim arises under Texas law and must be brought in state court unless there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Here, plaintiff and both defendants are citizens of Texas and the amount in controversy is only $56,853.00.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 16, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE